UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-60-JBC

ANDRIVIA WELLS                                                                                   PLAINTIFF

VS:                             **MEMORANDUM OPINION AND ORDER**

J. PENDERGRASS, ET AL.                                                                DEFENDANTS

The plaintiff, Andrivia Wells ("Wells"), is an inmate confined in the Federal Correctional Institution in Tallahasee, Florida ("FCI-Tallahassee"). Proceeding *pro se*, she filed her complaint in this action on March 8, 2006, pursuant to 42 U.S.C. § 1983 and under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Record No. 1]. The court entered a deficiency order [Record No. 3] directing Wells to submit documentation demonstrating exhaustion of her administrative remedies and to submit an amended complaint that complies with Federal Rule of Civil Procedure 8. Wells has filed extensive documentation relevant to the question of exhaustion [Record No. 6]. Wells has filed two amended complaints [Record Nos. 4, 8] which do not differ materially from her initial complaint. She has also paid the filing fee [Record No. 7].

The court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v.*

*Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Wells was convicted of conspiracy to distribute a controlled substance under 21 U.S.C. §§ 841 and 846 on October 5, 1998. Wells was sentenced to a 151-month term of incarceration followed by a five-year term of supervised release. That sentence was subsequently reduced to a term of 115 months. *United States v. Wells*, 98-Cr-126, Western District of North Carolina [Record Nos. 91, 131, 184 therein].

Wells alleges that she was incarcerated in Mecklenburg County Jail ("M.C.J.") in Virginia from July 27, 1998, to October 27, 1998, prior to her "reinstatement incarceration" at FCI-Tallahassee from December 17, 1998, to April 23, 2000. According to Wells, at M.C.J. she "contracted infections in her lymph nodes, ears, nose and throat" because she was breathing only conditioned air, not natural air. Complaint at ¶ 3. She further alleges that M.C.J. staff failed to give her the medications prescribed for her at M.C.J. for the resulting sinus infection, which recurred after she was transferred to FCI-Tallahasee. Wells finally alleges that she was forced to stay in a steel-frame bed.

Wells also alleges that she was detained at the Fluvana Correctional Center for Women ("Fluvana"), a facility in Virginia operated by a private company through a contract with the Bureau of Prisons ("BOP"), from January 19, 2000, to April 23, 2000. After that three-month stay, she was transferred to Pauldin County Jail ("P.C.J.") in Georgia until April 30, 2000, when she was transferred back to FCI-Tallahassee. Wells makes a variety of allegations regarding the "sub-normal" conditions at Fluvana, including that the food had rocks in it, that the water was brown, and that medical staff used treatment as punishment.

2

Complaint at ¶¶ 29-38. Wells alleges that during her stay at P.C.J. she was forced to sleep on the floor, the linens were dirty, the food was moldy, she received no exercise, and she developed skin rashes and breathing problems. Complaint at ¶ 39-40.

Wells alleges that during her stay at the Atwood Satellite Camp at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), from April 23, 2004, through September 26, 2005, there was live, disturbed asbestos in the air as it was being removed from the facility. Complaint at ¶ 41.

Wells also alleges that the BOP has failed to pay interest on the funds put by her family into her lockbox from March 10, 2002, to present, Complaint at ¶ 43, and that her placement at FCI-Tallahassee does not satisfy BOP regulations directing that inmates be placed in an institution in close proximity to her family, Complaint at ¶ 45. Wells's complaint includes a short discussion of the eligibility requirements for the Residential Drug Abuse and Treatment Program ("RDAP"). Complaint at ¶ 44. Wells filed a motion seeking placement in this program with the sentencing court on December 6, 2004, which was rejected by order dated August 4, 2005, *United States v. Wells*, 98-CR-126, Western District of North Carolina [Record Nos. 184, 185 therein], and is the subject matter of a habeas corpus action recently filed by Wells under Section 2241, *Wells v. Lappin*, 06-CV-137, Western District of North Carolina [Record No. 1 therein].

Wells complains that these actions violate her rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as portions of the Virginia Code and the common law of negligence.

Wells has named the following as defendants in her Amended Complaint [Record No. 8]:

3

1. Kathleen Hawk-Sawyer, the Director of the Bureau of Prisons ("BOP"), in her individual and official capacities (Complaint at ¶ 4);

2. Michael Cooksey, the Assistant Director of the BOP responsible for investigating appeals and misconduct, in his individual and official capacities (Complaint at ¶ 5);

3. Unknown Defendants employed by the Department of Justice at the Central and Regional Offices responsible for investigating Fluvana, in their individual capacities (Complaint at ¶ 6);

4. Defendants Margaret Hambrick, Harley Lappin, W.S.Keller, Regional Directors of the BOP for the Fourth Circuit responsible for addressing administrative grievances, in their individual and official capacities (Complaint at ¶ 7);

5. Defendant David Wollner, BOP supervisor at the Regional Office of the Fourth Circuit, supervisor of contract specialists John Evers, Barry Miller, Denise Carter, Pam Mareschali, Janet Owens, and Ms. Green, in her individual and official capacities (Complaint at ¶ 8);

6. Defendant Robert Bouley, Case Manager Coordinator at the BOP in charge of all case managers, in his individual and official capacities (Complaint at ¶ 9);

7. Defendants John Evers and Barry Miller, BOP Contract Specialists at Fluvana responsible for administering the grievance process, in their individual and official capacities (Complaint at ¶ 10);

8. Defendant James Gilmore, former Governor of Virginia, in his individual and official capacities (Complaint at ¶ 11);

9. Defendant Ron Angelone, Director of the Virginia Department of Corrections, in his individual and official capacities (Complaint at ¶ 12);

10. Defendant Patricia Huffman, Superintendent of Fluvana, in her individual and official capacities (Complaint at ¶ 13);

11. Defendants Marks Dillman and Phyllis Baskerville, Assistant Wardens at Fluvana, in their individual and official capacities (Complaint at ¶ 14);

12. Defendant Mr. Anderson, Major in Charge of Operations at Fluvana, in his individual and official capacities (Complaint at ¶ 15);

13. Defendant Rick Collins, Food Service Administrator at Fluvana, in his individual and official capacities (Complaint at ¶ 16);

14.  Defendants Lt. Armstrong and Ms. Parrish, Mail Room Supervisors at Fluvana, in their individual and official capacities (Complaint at ¶ 17);

15.  Defendant William Craig, Unit Manager at Fluvana, in his individual and official capacities (Complaint at ¶ 18);

16.  Defendants Dr. Barnett, Dr. Joseph, Dr. Ohai, and Dr. Blake, doctors and dentists employed at Fluvana, in their individual and official capacities (Complaint at ¶ 20);

17.  Defendants Marilyn Muerdter and Ms. Kelly, Nurse Practitioners employed at Fluvana, in their individual and official capacities (Complaint at ¶ 21);

18.  Defendants Sheila Clark and Jose Vasquez, past and present Wardens at FCI- Tallahassee, in their individual and official capacities (Complaint at ¶ 23);

19.  Defendant Joseph Booker, Warden at FMC-Lexington, in his individual and official capacities (Complaint at ¶ 24);

20.  Defendant Teri Ward, Unit Manager at FMC-Lexington responsible for addressing inmate grievances, in her individual and official capacities (Complaint at ¶ 25);

21.  Defendant Rosie Harless, Camp Administrator at the Atwood Satellite Camp at FMC-Lexington, in her individual and official capacities (Complaint at ¶ 26); and

22.  Defendant Michael Growse, Medical Director at FMC-Lexington, in his individual and official capacities (Complaint at ¶ 27).

In addition, the following defendants are identified in the caption of the complaint, although Wells makes no direct, specific factual allegations against any of them in the body of the complaint:  Jim Pendergrass, Sheriff; Major Johnson; Major McDoo; Medical Department of Mecklenburg County Jail (defendants unknown); Pauldin County Jail Defendants unknown; and Director of Bureau of Prisons, Harley G. Lappin.

## DISCUSSION

The court will evaluate each of Wells's claims in turn.[1]

Wells's claims regarding her treatment at M.C.J. in Virginia in 1998 are time-barred. Because claims under Section 1983 and *Bivens* do not provide their own statutes of limitation, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). As a federal court located in Kentucky, this court generally borrows Kentucky's statute of limitations, *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Because this claim accrued in 1998, it is barred by the one-year statute of limitations. This would also be true if the court determined that Virginia supplied the applicable statute of limitations. The Fourth Circuit applies Virginia's two-year statute of limitations for tort actions, Va.Code.Ann. § 8.01-243(A), to Section 1983 claims. *Lewis v. Richmond City Police Dep't.*, 947 F.2d 733, 735 (4th Cir. 2001).

Wells's claims arising from the conditions at Fluvana during her stay there from January 19, 2000, to April 23, 2000, are likewise time-barred. Even applying Virginia's two-year statute of limitations, the limitations period on those claims ran on April 23, 2002, and they are thus time-barred. *Lewis v. Richmond City Police Dep't.*, 947 F.2d 733, 735 (4th Cir. 2001).

---

[1] Because the court has determined that all of Wells's claims fail on the merits, the court has not reviewed the voluminous documents submitted by Wells to determine if she exhausted her administrative remedies with respect to each and every claim presented in this case, a prerequisite to maintaining this action with respect to any claim raised herein. *Jones Bey v. Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005).

To the extent Wells intends to assert claims arising out of the conditions of confinement at Pauldin County Jail in Georgia from April 23, 2000, to April 30, 2000, these claims are also time-barred. The Eleventh Circuit applies Georgia's two-year statute of limitations for tort actions, Ga.Code.Ann. § 9-3-33, to Section 1983 claims. *Thigpen v. Bibb Co., Ga. Sheriff's Dept.*, 223 F.3d 1231, 1243 (11th Cir. 2000). The limitations period for these claims thus ran no later than April 30, 2002, and are now time-barred.

Wells's claim that her placement at FCI-Tallahassee does not satisfy BOP regulations directing that inmates be placed in an institution in close proximity to her family, Complaint at ¶ 45, is also time-barred. Wells indicates that her incarceration at FCI-Tallahassee began on December 17, 1998. This claim would plainly be time-barred under Kentucky's one-year statute of limitations. Even applying Florida's longer four-year statute of limitations for tort actions, Fla.Stat.Ann. §95.11(3)p, the claim would be time-barred. *Chappel v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Wells also alleges that the BOP has failed to pay interest on the funds put by her family into her lockbox at FCI-Tallahassee from March 10, 2002, to present, Complaint at ¶ 43. This claim would be barred by Kentucky's one-year statute of limitations but was timely filed (by two days) if Florida's statute of limitations applies. Nonetheless, the claim must be dismissed for failure to state a claim. An inmate's decision to open and fund an inmate account is voluntary; she thus lacks any due process property right to receive interest on the principal. *Hatfield v. Scott*, 306 F.3d 223, 225 (5th Cir. 2003); *Washlefske v. Winson*, 234 F.3d 179, 182 (4th Cir. 2000).

Wells appears to assert that the BOP violated her rights under the Due Process Clause by denying her the opportunity to participate in the RDAP program. But there is no constitutional right to participate in any type of prison rehabilitative program, *Garza v. Miller*,

7

688 F.2d 480, 486 (7th Cir. 1982), and Wells lacks a constitutionally protected due process interest in participation in the RDAP given the discretion afforded the BOP in making eligibility determinations, *U.S. v. Jackson*, 70 F.3d 874, 877 (6th Cir. 1995) ("the Bureau has broad authority to manage the enrollment of prisoners in drug abuse treatment programs"); *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Sandin v. Conner*, 515 U.S. 472, 487 (1995) ("there is no [due process] protection for action that merely might affect the duration of the sentence."). This claim must therefore be dismissed for failure to state a claim.

Wells alleges that she was exposed to airborne asbestos during her stay at FMC-Lexington commencing on April 23, 2004. The one-year statute of limitations under KRS 413.140(1)(a) ran on this claim on April 23, 2005, and this claim is therefore time-barred. *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

(2) The court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

Signed on July 13, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY